OPINION
{¶ 1} Defendant-appellant James Pahoundis appeals his convictions and sentences in the Coshocton County Court of Common Pleas on one count of tampering with evidence in violation of R.C. 2921.12 (A)(2), a felony of the third degree and one count of tampering with a vehicle identification number in violation of R.C. 4549.62 (A), a felony of the fifth degree. The plaintiff-appellee is the State of Ohio.
 {¶ 2} On May 9, 2004, Sandra Thornton reported to the Guernsey County Sheriff's office that a red tow truck had been stolen from her home in Guernsey County. The 1982 Chevrolet tow truck had a VIN ending in 387. Detective Ronald Pollack took over the investigation of the case and obtained a tip that the truck was located in Coshocton County, Ohio on property occupied by the appellant. A flyover of appellant's property was conducted by Detective Pollack and other law enforcement officers on June 4, 2004. During the flyover, Detective Pollack observed the stolen Chevrolet tow truck and photographs were taken. Detective Pollack and Coshocton County Sheriff's detective Al Lingo went to the location of the truck and made contact with the appellant.
 {¶ 3} During the ensuing interview the appellant stated that he had purchased the Chevy tow truck and had a title for it. Appellant retrieved a title but the VIN did not match the VIN plate on the red Chevrolet tow truck.
 {¶ 4} Appellant then obtained a second title which matched the VIN on the red Chevrolet tow truck located on his property. However, the second title presented by the appellant was for a one-half ton Chevrolet pickup truck. The truck in question was a one-ton tow truck. Additionally, the rivets holding the VIN plate on the dash board of the red Chevrolet tow truck were new and shiny, while the VIN plate on the dash board of the 23 year old tow truck showed signs of significant deterioration.
 {¶ 5} Detectives Pollack and Lingo left to interview the previous owner listed on the title that was presented by the appellant. During the ensuing investigation, the detectives determined that there were actually two previous owners of a blue one-half ton pickup truck with a VIN ending in 6116. Chuck Conklin had sold a 1987 blue one-half ton pickup to Mike Cramblett in 2003. Mr. Cramblett sold it a few months later to the appellant with instructions that appellant return the tires which appellant did.
 {¶ 6} Given the information obtained from the previous owners Detectives Pollack and Lingo again interviewed appellant at his residence on June 7, 2004. The detectives discovered that the 1982 red Chevrolet tow truck was missing. Additionally, appellant denied having any knowledge of the tow truck that he had produced a "title" for two days earlier. The 1982 red Chevrolet tow truck was never recovered.
 {¶ 7} A jury trial commenced on April 12, 2005 and concluded on April 13, 2005 with the jury returning verdicts of guilty of one count of tampering with evidence and one count of tampering with the vehicle identification number.
 {¶ 8} The case proceeded to disposition, and the appellant was ordered to serve a period of four years incarceration in a State penal institution for tampering with evidence and 11 months incarceration in a State penal institution for the offense of tampering with a VIN. The sentences for count two is to be served concurrently with the sentence for count one.
 {¶ 9} Appellant timely appeals and raises the following assignments of error for our consideration:
 {¶ 10} "I. APPELLANT KNEW THAT AN OFFICIAL PROCEEDING OR INVESTIGATION WAS IN PROGRESS REGARDING A STOLEN 1982 CHEVROLET TOW TRUCK.
 {¶ 11} "II. APPELLANT PRODUCED A FALSE MOTOR VEHICLE TITLE FOR THE STOLEN 1982 CHEVROLET ONE TON TOW TRUCK, KNOWING IT TO BE FALSE, WITH PURPOSE TO MISLEAD THE DETECTIVES ENGAGE IN AN INVESTIGATION, OR WITH PURPOSE TO CORRUPT THE OUTCOME OF THE INVESTIGATION."
 I. II. {¶ 12} In his First Assignment of Error appellant maintains that there was insufficient evidence to support his convictions for tampering with evidence and tampering with a vehicle identification number; in his Second Assignment of Error, appellant maintains that the trial court erred in failing to grant the appellant's motion under Crim.R. 29(A) for judgment of acquittal. We disagree.
 {¶ 13} Pursuant to Crim.R. 29(A), a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether a conviction is supported by legally sufficient evidence, this court must decide "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; see, also, State v. Wolfe (1988), 51 Ohio App.3d 215, 216,555 N.E.2d 689. "In essence, sufficiency is a test of adequacy." Statev. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.
 {¶ 14} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503.
 {¶ 15} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 16} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387,678 N.E.2d 541, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 17} Appellant challenges his conviction on one count of tampering with evidence under R.C. 2921.12. Pursuant to R.C. 2921.12(A)(2): "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: . . . (2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation".
 {¶ 18} Appellant also challenges his conviction on one count of fraudulent actions concerning vehicle identification number under R.C. 4945.62. Pursuant to R.C. 4549.62: "(A) No person, with purpose to conceal or destroy the identity of a vehicle or vehicle part, shall remove, deface, cover, alter, or destroy any vehicle identification number or derivative of a vehicle identification number on a vehicle or vehicle part".
 {¶ 19} In the case at bar, evidence was introduced that a red 1982 Chevrolet tow truck having a VIN number of 1GCH39M1CV103887 had been stolen from the home of Sandra Thornton in Guernsey, County. (T. at 70-72). During a flyover of appellant's property, Detective Ronald Pollack of the Guernsey County Sheriff's Office observed what appeared to be the stolen tow truck. (Id. at 78). Deputy Pollack's partner photographed the vehicle from the air. (Id. at 79). Ms. Thornton identified the truck in the photograph as the truck that was stolen from her property. (Id. at 72-73).
 {¶ 20} On June 5, 2004, Deputy Pollack and Deputy and Deputy Al Lingo of the Coshocton County Sheriff's Office met with appellant at his residence. (Id. at 80; 101). The officers informed appellant that they were law enforcement officers investigating the theft of a 1982 red one-ton Chevrolet tow truck. (Id. at 81; 102). Appellant produced a title for a truck with a VIN of 1GCCR14Z0HJ106116. (Id. at 86). That VIN matched the VIN of the truck located on appellant's property. (Id. at 82). However, the title produced by appellant was to a half-ton pickup truck. (Id.). Deputy Pollack testified that the truck on appellant's property had 16-inch dual wheels which are traditionally associated with a one-ton rather than a half-ton truck. (Id.). Further, the rivets on the VIN plate in the truck looked like new. (Id. at 84; 106). The truck for which the appellant produced the title was blue in color, not red. (Id. at 105; 120). Each officer testified that the tow truck on appellant's property did not look like it had been recently painted. (Id. at 89-90; 105).
 {¶ 21} When the officers returned to appellant's property on June 7, 2004, the tow truck was no longer present. (Id. at 88-89). Appellant denied having any knowledge of the tow truck for which he had produced a title for the officers on June 5, 2004. (Id.).
 {¶ 22} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of tampering with evidence under R.C. 2921.12 (A)(2) and the crime of fraudulent actions concerning vehicle identification number under R.C. 4945.62(A). We hold, therefore, that the state met its burden of production regarding the crime of tampering with evidence as required by R.C. 2921.12(A) (2), and fraudulent actions concerning vehicle identification number under R.C. 4945.62(A). Accordingly, there was sufficient evidence to support appellant's convictions.
 {¶ 23} Although appellant presented his witness and his own testimony in an attempt to establish that the tow truck on his property on June 5, 2004 was not the same truck as was stolen from Ms. Thornton's property, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 24} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of tampering with evidence and fraudulent actions concerning vehicle identification number. Accordingly, appellant's convictions for tampering with evidence and fraudulent actions concerning vehicle identification number were not against the manifest weight of the evidence.
 {¶ 25} Appellant's First and Second Assignments of Error are overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and, Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant.