OPINION *Page 2 
{¶ 1} On May 9, 2004, a red tow truck was stolen from a Guernsey County resident. During an airplane fly-over, law enforcement officials observed a truck matching the description of the stolen truck on the property of appellant, James Pahoundis. On June 5, 2004, police officers went to the property and spoke with appellant. Appellant stated he purchased the tow truck, and produced a title. The VIN number on the tow truck and the VIN number on the title did not match. Appellant then produced a second title which matched the VIN number on the tow truck, but this second title was to a one-ton Chevrolet pickup truck. The police officers observed the rivets holding the VIN plate on the dash of the tow truck were new and shiny, while the VIN plate itself showed signs of deterioration.
 {¶ 2} On June 7, 2004, police officers returned to appellant's property and discovered the tow truck was gone. Appellant denied having any knowledge of the tow truck. The tow truck has never been recovered.
 {¶ 3} On January 24, 2005, the Coshocton Grand Jury indicted appellant on one count of tampering with evidence in violation of R.C.2921.12(A)(2) and one count of tampering with a vehicle identification number in violation of R.C. 4549.62(A).
 {¶ 4} A jury trial commenced on April 12, 2005. The jury found appellant guilty as charged. By judgment entry filed April 14, 2005, the trial court sentenced appellant to an aggregate term of four years in prison.
 {¶ 5} Appellant filed an appeal, and this court affirmed appellant's conviction. See, State v. Pahoundis, Coshocton App. No. 05-CA-009,2005-Ohio-6111. *Page 3 
 {¶ 6} On September 4, 2007, appellant filed a delayed motion for new trial. By judgment entry filed October 25, 2007, the trial court denied the motion.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 8} "THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION FOR A NEW TRIAL WAS AN ABUSE OF DISCRETION, THIS, RESULTING IN THE DEPRIVATION AND CONTINUED VIOLATION'S OF APPELLANT'S RIGHT'S TO DUE PROCESS OF LAW, EQUAL PROTECTION OF LAW AND THE RIGHT TO A FAIR TRIAL UNDER THE FORTH (SIC), FIFTH, SIXTH AND FOURTEENTH AMENDMENT UNDER THE U.S. CONST."
 I {¶ 9} Appellant claims the trial court erred in denying his delayed motion for new trial. We disagree.
 {¶ 10} "The granting of a motion for a new trial upon the ground named is necessarily committed to the wise discretion of the court, and a court of error cannot reverse, unless there has been a gross abuse of that discretion; and whether that discretion has been abused must be disclosed from the entire record." State v. Lopa (1917),96 Ohio St. 410, 411. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 11} Crim.R. 33 governs motions for new trial. Subsection (B) states the following: *Page 4 
 {¶ 12} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 {¶ 13} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 14} Appellant's motion was filed beyond the time limits of Crim.R. 33 therefore, appellant was required to show by clear and convincing evidence that he was unavoidably prevented from the discovery of the new evidence within the one hundred twenty day time limit.
 {¶ 15} In State v. Petro (1947), 148 Ohio St. 505, syllabus, the Supreme Court of Ohio held the following:
 {¶ 16} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is *Page 5 
granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v. Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)"
 {¶ 17} In his motion for new trial, appellant states the following in his affidavit at ¶ 2, 3, and 4:
 {¶ 18} "On or about JULY 16, 2007; My brother wrote a letter to me asking about, the new Attorney, and what was going on with that. I wrote my brother expaining to him what my Attorney said about the detectives not having a seach warrant and that I shuld have never been charged by the county.
 {¶ 19} "On or about July 23, 2007; My brother wrote back telling me all about what he remember concerning the incident of June 5, 2004; Thus, was the `First Time', That I discovered that I was not the only person who was a witness to the detectives' conduct, which resulted in me being charged with, and convicted of a 3rd. degree felony of Tampering with Evidence.
 {¶ 20} "Two day's after receiving this letter from my brother, I let a person who is familiar with law issue's read the letter, Thus is when I realized that my brother was a material eye witness, and that had I known that he was in his brothers' trailer, by an open window, seeing and hearing the whole event of June 5, 2004; Involving the detective's Warrantless search, and `Fact that when the detective's left they did not advise me not to do anything with the allegently stolen truck, in which I produced a titled for." This testimonial Evidence was Material to my defense, and had it been discovered *Page 6 
in time to present to the Jury, no rational Jury would have found me Guilty of Tampering/with Evidence."
 {¶ 21} In the direct appeal of this matter, this court discussed the evidence presented at trial as follows:
 {¶ 22} "On June 5, 2004, Deputy Pollack and Deputy and Deputy Al Lingo of the Coshocton County Sheriff's Office met with appellant at his residence. (Id. at 80; 101). The officers informed appellant that they were law enforcement officers investigating the theft of a 1982 red one-ton Chevrolet tow truck. (Id. at 81; 102). Appellant produced a title for a truck with a VIN of 1GCCR14Z0HJ106116. (Id. at 86). That VIN matched the VIN of the truck located on appellant's property. (Id. at 82). However, the title produced by appellant was to a half-ton pickup truck. (Id.). Deputy Pollack testified that the truck on appellant's property had 16-inch dual wheels which are traditionally associated with a one-ton rather than a half-ton truck. (Id.). Further, the rivets on the VIN plate in the truck looked like new. (Id. at 84; 106). The truck for which the appellant produced the title was blue in color, not red. (Id. at 105; 120). Each officer testified that the tow truck on appellant's property did not look like it had been recently painted. (Id. at 89-90; 105)." See, State v. Pahoundis, Coshocton App. No. 05-CA-009, 2005-Ohio-6111, ¶ 20.
 {¶ 23} Following the fly-over, police officers went to appellant's property. Upon arriving, the police officers encountered appellant's brother. T. at 101. The police officers asked appellant's brother about the "wrecker," but he did not know what they were talking about. Id. The police officers then found appellant and began questioning him about the tow truck. T. at 80-81, 102. Appellant gave the police officers access to the tow truck. T. at 81, 102, 140. Appellant produced a title, but the VIN number on the *Page 7 
title did not match the VIN number on the tow truck. T. at 82, 103-104, 140. Appellant produced a second title, and the VIN numbers matched however, the title was to a half-ton pickup truck, not a one-ton tow truck. T. at 82-83, 105.
 {¶ 24} The gist of appellant's delayed motion for new trial claimed law enforcement officials illegally entered the property because his brother had told the police to leave. Therefore, appellant argued he was the victim of an unlawful intrusion. Appellant argued had this "newly discovered evidence" been known prior to trial, the trial court would have suppressed the evidence from the illegal search. We note in his motion, appellant states, "Law enforcement Officials entered the property, without a warrant, but with the Appellant's consent, and inspected the vehicle." See, Delayed Motion for New Trial filed September 4, 2007.
 {¶ 25} The testimony clearly established that the police officers first encountered appellant's brother and spoke to him. This encounter was known to appellant at the time of trial and therefore was not "newly discovered evidence." Furthermore, appellant voluntarily spoke with the police officers and consented to their examination of the VIN number on the tow truck vis-à-vis the VIN numbers on the titles. The police officers were on the property to speak to appellant, not appellant's brother. Any challenge to appellant's consent could have been raised via a motion to suppress.
 {¶ 26} Upon review, we concur with the trial court's analysis that appellant's delayed motion for new trial did not meet the requirements of Crim.R. 33(B) and Petro.
 {¶ 27} The sole assignment of error is denied. *Page 8 
 {¶ 28} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
 Farmer, J., Hoffman, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. *Page 1